# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER R. SEEVERS,<br><br>             Plaintiff,<br>    v.<br><br>UNITED STATES OF AMERICA;<br>DEPARTMENT OF THE NAVY;<br>GORDON R. ENGLAND, Secretary of<br>the Navy; DEPARTMENT OF LABOR;<br>ELAINE L. CHAO, Secretary of Labor,<br><br>             Defendants. | Civil No. 05CV0481 J (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS'<br>MOTION TO DISMISS WITH<br>PREJUDICE; AND**<br><br>**(2) DENYING DEFENDANTS'<br>MOTION FOR SANCTIONS** |

Before the Court is Defendants United States of America, et al.'s ("Defendants") Amended Motion to Dismiss under Federal Rule 12(b)(6), Motion to Dismiss under Federal Rule 12(b)(2), (4), and (5), Motion for Summary Judgment in the alternative, and Motion for Sanctions. [Doc. No. 15.] Plaintiff Elmer R. Seevers (Plaintiff) has not filed an Opposition to the Motion. The Court has determined the issues presented herein are appropriate for decision without oral argument. *See* S.D. Cal. Civ. R. 7.1(d)(1) (2006). For the reasons set forth below, the Court (1) **GRANTS** Defendants' Motion to Dismiss with prejudice, and (2) **DENIES** Defendants' Motion for Sanctions.

1

*Background*

2   **I.      Prior Administrative Proceedings**

3          This case arises out of the partial denial of benefits to Plaintiff under the Federal Em-

4   ployee's Compensation Act ("FECA") for injuries dating back to 1984.  Plaintiff has litigated his

5   claims through many administrative channels and has unsuccessfully brought five previous

6   actions in the district court relating to these claims.  Plaintiff has failed to provide a clear

7   statement of the factual and procedural background of this case.  Therefore, the following facts

8   are taken from the November 10, 1997, Order Granting Defendants' Motion to Dismiss with

9   Prejudice, Civil No. 97-0396 K (CGA):

10          From May 7, 1984 until January 25, 1985, plaintiff was employed as a
    physical science technician at the Mare Island Naval Shipyard in Vallejo,
11   California.  His employment was terminated during his probationary year.  On
    December 11, 1984, prior to his termination, while containing a chemical spill,
12   plaintiff suffered injuries causing throat irritation.  On December 19, 1984,
    plaintiff filed a notice of traumatic injury and claim for continuation of
13   pay/compensation with the Office of Workers' Compensation ("OWCP"). The
    OWCP accepted plaintiff's claim for chemical inhalation.  This claim sought
14   benefits under FECA.

15          OWCP approved continuation of pay and paid temporary disability
    compensation for December 28, 1984 through April 1, 1985.  In a March 26,
16   1986 decision, OWCP found that plaintiff was not disabled for work beyond
    April 1, 1985.  The case was kept open, however, for medical benefits.  Three
17   administrative bodies affirmed this March 1986 decision: (1) the Branch of
    Hearings and Review (the "Branch") on June 30, 1987; (2) OWCP (on a
18   request for reconsideration) on September 24, 1987 and (3) the Employee's
    Compensation Appeals Board ("ECAB") on March 31, 1988. During and after
19   this review process, plaintiff continued to submit medical reports regarding
    various physical complaints.  In addition, OWCP referred plaintiff for second
20   opinion evaluations.  Plaintiff claims that OWCP provided false information
    to the doctors who performed these evaluations.

21

22          On September 11, 1990, plaintiff filed with OWCP a notice of
    occupational disease and claim for compensation asserting that his chronic
23   throat problem was aggravated during subsequent employment at the Census
    Bureau. On September 16, 1991, OWCP denied benefits on this claim because
24   plaintiff failed to show a casual nexus between his injuries and his federal
    employment.  On July 15, 1992, however, the OWCP hearing representative
25   issued a decision setting aside the September 16, 1991 decision and returning
    the case to the District Office (the "Office") for a de novo decision.  On
26   November 20, 1992, the Office accepted plaintiff's claim (File No. A13-
    940120) for a temporary aggravation of chronic laryngitis for the period of his
27   employment with the Census Bureau. The Office also accepted the conditions
    of chronic laryngitis, vocal cord scarring and partial vocal cord paralysis as
28   resulting from the December 11, 1984 employment injury. (File No. A13-
    759139).

2

05CV0481

1

2

3

4

5

6

          On October 6, 1994, following further medical evaluations and reports, the Office denied plaintiff any further benefits, finding that although the Office accepted plaintiff's claim for temporary aggravation of chronic laryngitis stemming from his work at the Census Bureau, this temporary aggravation ended when his work at the Census Bureau ended and he was no longer exposed to the aggravating conditions. The Office found no residual disfunction and no resulting disability due to the temporary aggravation of plaintiff's chronic laryngitis. With respect to plaintiff's previous claim in connection with his December 11, 1984 injury, because the Office found that plaintiff had residuals from the injury, it decided to leave the case open so that plaintiff could receive medical treatment and supplies when needed.

7

8

9

10

          The Office further found, however, that while plaintiff's laryngitis would preclude him from jobs requiring moderate to extensive speaking, his previous job of physical science technician did not fall within this category. Plaintiff disagrees with this assessment. Because plaintiff would have been capable of performing that job had he not been terminated for cause, the Office did not alter the March 1986 decision denying disability benefits for any time after April 1, 1985 (except for the brief period of disability during his employment with the Census Bureau.)

11

12

13

14

15

16

          Plaintiff requested a hearing to review the October 6, 1994 decision and on February 15, 1996 an OWCP hearing representative in Washington, D.C. affirmed the decision. Then on April 8, 1996, the Office denied plaintiff's request for reconsideration. After plaintiff requested a "reconsideration hearing," the OWCP, in an April 23, 1996 letter, explained that no such hearing existed and advised him that he could either request another reconsideration or file an appeal. Plaintiff chose to request another reconsideration which the Office denied on June 13, 1996 because plaintiff failed to present any new evidence or issues that the Office had not previously considered and thus did not meet the requirements for reconsideration.

17

18

19

          Plaintiff again made a request for a hearing which the Office denied on June 27, 1996, explaining that under the regulatory scheme, plaintiff was not entitled to both a reconsideration and a hearing, but that plaintiff still had the right to appeal the June 13, 1996 decision to the ECAB and that plaintiff remained entitled to request reconsideration until April 8, 1997.

20

21

22

23

24

          On October 17, 1996, plaintiff submitted a request for "administrative mandamus" to the Branch to obtain review of the written record. Plaintiff claimed that the Office violated various statutes and regulations. Many of these allegations appear in the complaint in the current action. On November 15, 1996, the Branch advised plaintiff that he was not entitled to a review of the written record because he had previously requested reconsideration. The Branch, nevertheless, considered plaintiff's request for reconsideration and denied it, stating that plaintiff must either submit new evidence or legal contentions to the District Office in a request for reconsideration, or file an appeal with ECAB. Plaintiff elected to submit an appeal to the ECAB.

25

26

27

28

*Id.* at 2-4 (citations omitted). On October 7, 1999, the ECAB issued its decision on Plaintiff's

appeal. It affirmed the previous decisions of the OWCP and denied Plaintiff administrative

relief. (*See* Mot. to Dismiss at 4, Ex. B.)

05CV0481

1  **II.      Prior Judicial Proceedings**

2       Plaintiff has filed five previous complaints in federal district court relating to his 1984

3  injury and the subsequent administrative proceedings.  (*See* Mot. to Dismiss at 4.)  On March 25,

4  1988, Plaintiff filed a complaint in the Eastern District of California against the United States

5  Government, Department of Navy ("DON"), Department of Labor ("DOL"), Office of Personnel

6  Management, and Mare Island Naval Shipyard.  *See Seevers v. United States, et al.*, Civil No.

7  88-154 REC (E.D. Cal. 1988).  In that complaint, Plaintiff alleged a variety of claims including

8  the denial of workers' compensation benefits, the denial of disability retirement benefits, unfair

9  labor practices, the removal of sick leave benefits, and termination of employment.  *See id.*  On

10  May 18, 1990, after allowing Plaintiff two opportunities to amend his complaint, the court

11  dismissed Plaintiff's complaint with prejudice for lack of subject matter jurisdiction.  (*See*

12  Decision and Order Re Defs.' Mot. to Dismiss Second Am. Compl. and/or for Summ. J. (May

13  18, 1990); Mot. to Dismiss, Ex. D.)  The Ninth Circuit affirmed the dismissal.  *See Seevers v.*

14  *United States*, 936 F.2d 579 (9th Cir. 1991) (unpublished); (*see also* Mot. to Dismiss, Ex. E.)

15       On April 8, 1992, Plaintiff filed a complaint in the Southern District of California against

16  the United States of America, Department of Defense, DON, DOL, Department of Personnel

17  Management, and the heads of those agencies.  *See Seevers v. United States, et. al.*, Civil No. 92-

18  0592-G (LSP) (S.D. Cal. 1992).  The complaint contained many of the same allegations as in the

19  previously dismissed action filed in the Eastern District of California.  (*See* Compl. for Comp.

20  Relief (Apr. 8, 1992); *see also* Mot. to Dismiss, Ex. F.)  On January 8, 1993, the court dismissed

21  with prejudice on res judicata grounds Plaintiff's claims for state and federal workers' compen-

22  sation, disability retirement, unfair labor practices, and accrued sick leave. (*See* Mem. and

23  Decision Order (Jan. 8, 1993); *see also* Motion to Dismiss, Ex. G.)  Plaintiff's additional claim

24  for willful misrepresentation regarding false statements by Navy personnel to Congresswoman

25  Barbara Boxer was also dismissed with prejudice for failing to state a claim on which relief

26  could be granted.  (*See id.*)

27       On March 10, 1997, Plaintiff filed a complaint in the Southern District of California

28  against the United States of America, DON, DOL, and the secretaries of those agencies.  *See*

4                                    05CV0481

1    *Seevers v. United States, et al.*, Civil No. 97-0396 K (CGA) (S.D. Cal. 1997).  The complaint

2    attempted to describe violations of various statutes and regulatory provisions.  (*See* Pet. for

3    Mandamus Relief (Mar. 10, 1997)); Mot. to Dismiss, Ex. H.)  Judge Judith N. Keep found the

4    1988 and 1992 actions had reached a final judgment on the merits and that Plaintiff had not

5    raised any new claims related to the 1984 injury, which had not already been rejected by the two

6    previous courts, or claims that Plaintiff could not have raised in earlier actions.  (*See* Order

7    Granting Defs.' Mot. to Dismiss with Prejudice (Nov. 10, 1997); Mot. to Dismiss, Ex. A. at 7-9.)

8    Plaintiff's case was dismissed with prejudice because it was barred by res judicata.  (*See id.*)

9    The Ninth Circuit dismissed Plaintiff's appeal for failure to file a timely notice of appeal.

10    *Seevers v. United States et al.*, 187 F.3d 648 (9th Cir. 1999) (unpublished); (*see also* Mot. to

11    Dismiss, Ex. I).

12         On July 21, 2000, Plaintiff filed a complaint in the Southern District of California against

13    the United States, DON, DOL, and the secretaries of those agencies.  *See Seevers v. United*

14    *States, et al.*, Civil No. 00-1457 K (JAH) (S.D. Cal. 2000).  The complaint alleged deprivation of

15    due process and property rights under the Fifth and Fourteenth Amendments.  (*See* Compl. (July

16    21, 2000); Mot. to Dismiss, Ex. J.)  However, the complaint concerned the same nucleus of facts

17    and sought the same relief as the earlier actions.  *See id.*  The court granted Plaintiff's motion to

18    proceed in forma pauperis, but dismissed the action sua sponte based on res judicata grounds.

19    (*See* Order Granting Mot. to Proceed In Forma Pauperis and Dismissing Compl. (Aug. 16,

20    2000); Mot. to Dismiss, Ex. K.)  The Ninth Circuit affirmed the dismissal.  *Seevers v. United*

21    *States, et al.*, 19 Fed. Appx. 626, 627 (9th Cir. 2001) (unpublished); (Motion to Dismiss, Ex. L).

22         On August 18, 2003, Plaintiff filed a complaint in the Southern District of California

23    against the United States of America, DON, DOL, and the secretaries of those agencies.  *See*

24    *Seevers v. United States, et al.*, Civil No. 03-1639 J (JFS) (S.D. Cal. 2003).  Like the previous

25    action, the complaint alleged violations of the Fifth and Fourteenth Amendments.  (*See* Compl.

26    (Aug. 18, 2003)); Mot. to Dismiss, Ex. M.)  On August 25, 2003, this Court found that the

27    allegations in the complaint arose from the same nucleus of facts as the prior complaints, and

28    therefore, sua sponte ordered dismissal of the action with prejudice on res judicata grounds.  (*See*

05CV0481

1    Order Granting Mot. to Proceed In Forma Pauperis and Dismissing Compl. (August 25, 2003);

2    Mot. to Dismiss, Ex. N.)

3    **III.      The Complaint in this Action**

4            On March 10, 2005, Plaintiff filed the instant Complaint.  The Complaint alleges

5    violations of rights under the Fifth and Fourteenth Amendments, as well as violations of various

6    statutes and regulatory provisions, arising from Plaintiff's 1984 injury.  (*See* Compl. at 1-3.)  In

7    the Complaint, Plaintiff demands that Defendants: (1) compensate him at full salary from

8    January 25, 1985 to June 13, 1986; (2) compensate him for accrued sick leave benefits which

9    Plaintiff claims were removed from his records; (3) compensate him for wage loss at 66 2/3% of

10   his wage earning capacity; (4) provide all benefits and supplements to wages and salaries prior

11   to and subsequent to December 11, 1984; (5) compensate him for latent disabilities such as

12   cancer of the throat, which Plaintiff believes he might experience due to his 1984 injury; (6)

13   award him benefits under California workmen's compensation laws; (7) reimburse the costs of

14   this action; (8) issue a new decision on plaintiff's 1984 traumatic injury claim within 120 days of

15   the court's decision in this action; (9) make an award for or against payment of compensation

16   within 90 days thereafter; (10) provide any other relief which the court orders; and (11) ensure

17   that the relief requested in this Complaint does not restrict Plaintiff from seeking further

18   compensation from Defendants.  (*See* Compl. at 7-8.)   On March 24, 2005, the Court granted

19   Plaintiff's Motion to Proceed In Forma Pauperis.  (*See* Order Granting Mot. to Proceed In Forma

20   Pauperis (Mar. 24, 2005).)  Defendants filed a Motion to Dismiss with Prejudice, Motion for

21   Summary Judgment, and Motion for Sanctions.  [Doc. No. 13.]  Defendants then filed the instant

22   Amended Motion to Dismiss with Prejudice, Motion for Summary Judgment, and Motion for

23   Sanctions.  [Doc. No. 15.]

24

25

26

27

28

05CV0481

1 *Discussion*

2 **I.    12(b)(6) Motion to Dismiss**

3        **A.     Legal Standard**

4        Federal Rules of Civil Procedure Rule 12(b)(6) tests the sufficiency of a complaint. *See*

5 Fed. R. Civ. P. 12(b)(6); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

6 Dismissal of a claim under this rule is appropriate only where it "appears beyond doubt that the

7 plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

8 *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004) (quoting *Conley v. Gibson*,

9 355 U.S. 41, 45-46 (1957)).  A complaint may be dismissed as a matter of law for two reasons:

10 (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See*

11 *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

12        In reviewing the motion, the court must assume the truth of all factual allegations and

13 must construe them in the light most favorable to the nonmoving party. *See Gompper v. VISX,*

14 *Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).  However, the court is not bound to accept as true a legal

15 conclusion couched as a factual allegation. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see*

16 *also Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Instead, the court must

17 determine "whether conclusory allegations follow from the description of facts as alleged by the

18 plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).  When ruling on a motion

19 to dismiss, the court may consider the facts alleged in the complaint, documents attached to the

20 complaint, and documents relied upon but not attached to the complaint when authenticity is not

21 contested. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also* Fed. R.

22 Civ. P. 12(b)(6).

23        **B.     Res Judicata**

24        Res judicata "bars litigation in a subsequent action of any claims that were raised or could

25 have been raised in the prior action." *Owens v. Kaiser Found. Health Plan,* 244 F.3d 708, 713

26 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th

27 Cir.1997)).  "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final

28 judgment on the merits, and (3) identity or privity between parties." *Id.*  To determine if an

1   identity of claims exists, the following factors are considered: "(1) whether rights or interests

2   established in the prior judgment would be destroyed or impaired by prosecution of the second

3   action; (2) whether substantially the same evidence is presented in the two actions; (3) whether

4   the two suits involve infringement of the same right; and (4) whether the two suits arise out of

5   the same transactional nucleus of facts." *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426,

6   1429 (9th Cir. 1993). "The central criterion in determining whether there is an identity of claims

7   between the first and second adjudications is whether the two suits arise out of the same

8   transactional nucleus of facts." *Owens*, 244 F.3d at 714 (quoting *Frank v. United Airlines, Inc.,*

9   216 F.3d 845, 851 (9th Cir. 2000)).

10       The Court's review of the docket reveals that Plaintiff has litigated and attempted to

11   relitigate the claims raised in the instant complaint in five separate actions in this District and in

12   the Eastern District of California. *See Seevers v. United States, et al.*, Civil No. 88-154 REC

13   (E.D. Cal. 1988); *Seevers v. United States, et al.*, Civil No. 92-0529G (LSP) (S.D. Cal. 1992);

14   *Seevers v. United States, et al.*, Civil No. 97-0396 K (CGA) (S.D. Cal. 1997); *Seevers v. United*

15   *States, et al.*, Civil No. 00-1457 K (JAH) (S.D. Cal. 2000); *Seevers v. United States, et al.*, Civil

16   No. 03-1639 J (JFS) (S.D. Cal. 2003). The allegations in the instant Complaint arise from the

17   same nucleus of facts as those in the prior complaints, Plaintiff's 1984 injury, and Plaintiff has

18   presented no new information or claims that could not have been litigated in the prior actions.

19   *See Owens*, 244 F.3d 713. Accordingly, this Court **FINDS** that there is an identity of claims

20   between this action and the five prior actions filed by Plaintiff.

21       The Court also **FINDS** that the courts in Plaintiff's five previous cases reached a final

22   judgment on the merits. In the first case in the Eastern District of California, the court dismissed

23   Plaintiff's second amended complaint for lack of subject matter jurisdiction. A judgment of

24   dismissal for lack of jurisdiction is final and on the merits so long as the jurisdictional defect has

25   not or cannot be remedied. *See Segal v. American Telephone & Telegraph Co., Inc*., 606 F.2d

26   842, 845 (9th Cir. 1979); *see also Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 (D.C. Cir.

27   1983); . Plaintiff has failed to cure this defect for the same reason previously stated by this

28   Court:

1
2
3
4

> [D]espite all of the statutory and regulatory violations that plaintiff alleges, an examination of his prayer for relief reveals that his entire action is predicated on an injury sustained as a federal employee. FECA provides a comprehensive and exclusive program of workers' compensation for government employees injured in work-related accidents and precludes recovery for such injuries in any other judicial proceeding.

(Order Granting Dfs.' Mot. to Dismiss with Prejudice (Nov. 10, 1997); Mot. to Dismiss, Ex. A at

5

9.)  Plaintiff's four subsequent cases in this Court were dismissed based on res judicata grounds,

6

failure to state a claim for which relief could be granted, or lack of subject matter jurisdiction.

7

Additionally, in the 1997 action, Judge Judith N. Keep found that both the 1988 and 1992

8

actions reached a final decision on the merits.  (*See* Order Granting Defs.' Mot. to Dismiss with

9

Prejudice (Nov. 10, 1997).)  In this case, where five court decisions have dismissed Plaintiff's

10

claims with prejudice and the last four decisions were themselves based on res judicata princi-

11

ples, the Court **FINDS** that those decisions were final and on the merits.

12

The Court **FINDS** that the instant action involves the same parties or their privities as in

13

the previous actions before this District and in the Eastern District of California.  "Even when

14

the parties are not identical, privity may exist if 'there is a substantial identity between the

15

parties, that is, when there is sufficient commonality of interest.' "  *Tahoe-Sierra Pres. Council,*

16

*Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1082 (9th Cir. 2003) (quoting *In re*

17

*Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)).  The instant Complaint names the United

18

States, DON, DOL, and the secretaries of those departments.  (*See* Compl. at 1.)  Plaintiff's

19

second amended complaint from the Eastern District action names the United States, DON, and

20

DOL.  (*See* Mot. to Dismiss, Ex. C at 1.)  The prior complaints in this District named the United

21

States, DON, DOL, and the then secretaries of those departments.  (*See* Mot. to Dismiss, Ex. F at

22

1, H at 1, J at 1, M at 1.)  Therefore, the only new defendants in the instant complaint are the

23

current secretaries.  "There is privity between officers of the same government so that a

24

judgment in a suit between a party and a representative of the United States is res judicata in

25

relitigation of the same issue between that party and another officer of the government."

26

*Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).  Therefore, the Court

27

**FINDS** there is an identity or privity between parties.

28

9

1    Lastly, the Ninth Circuit has previously affirmed a dismissal of Plaintiff's instant claims

2  on res judicata grounds.  *Seevers v. United States, et al.*, 19 Fed. Appx. 626, 627 (9th Cir. 2001)

3  (unpublished).  Accordingly, the Court **FINDS** that the instant claims are barred by res judicata.

4  **II.      The Court Lacks Subject Matter Jurisdiction Over This Action**

5    Federal courts have limited jurisdictional power, and therefore, are under a continuing

6  duty to confirm their subject matter jurisdiction over a particular case.  *See Steel Co. v. Citizens*

7  *for a Better Env't.*, 523 U.S. 83, 94 (1998); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,

8  429 U.S. 274, 278 (1977).  Furthermore, courts may *sua sponte* raise the issue of subject matter

9  jurisdiction at any time during the proceedings.  *See United Investors Life Ins. Co. v. Waddell &*

10  *Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it

11  appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

12  matter, the court shall dismiss the action.").

13    While Plaintiff alleges constitutional, statutory, and regulatory violations, an examination

14  of his prayer for relief reveals that his entire action is predicated on an injury sustained as a

15  federal employee.  "FECA establishes a comprehensive and exclusive workers' compensation

16  scheme for federal employees."  *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006).

17  Furthermore, FECA "explicitly provides that the courts do not have jurisdiction to review FECA

18  claims challenging the merits of benefit determinations."  *Id*.; 5 U.S.C. § 8128(b).  The Ninth

19  Circuit recognizes only two exceptions to this prohibition of jurisdiction—constitutional

20  challenges and claims for violation of a clear statutory mandate or prohibition.  *Markham*, 434

21  F.3d at 1187; *see also Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988).

22    Although Plaintiff has again attempted to fashion his Complaint in terms of Defendants'

23  violations of regulations, Plaintiff's prayer for relief, which seeks compensation for salary, sick

24  leave, wage losses, and other monetary benefits related to Plaintiff's 1984 injury, indicates that

25  he does not state a claim for violation of statutory mandate, but is seeking review of the

26  Secretary of Labor's decision regarding the partial denial of benefits.  (*See* Compl. at 7-8.)

27  Accordingly, the Court **FINDS** no substantial allegations regarding violations of clear statutory

28  mandate or prohibition.

05CV0481

1    Plaintiff has also failed to include a recognizable constitutional challenge.  While Plaintiff

2   alleges that Defendants have violated his due process and property rights in violation of the Fifth

3   and Fourteenth Amendments, Plaintiff, as Judge Keep previously found, "has merely cloaked his

4   denial of benefits claims in constitutional language to try to obtain judicial review." (*See*

5   Compl. at 1; Order Granting Defs.' Mot. to Dismiss with Prejudice (Nov. 10, 1997) at 10.)  As

6   the Ninth Circuit has held, "[s]prinkling the brief with multiple due process references and

7   affixing a constitutional label does not change the essence of the claims."  *Markham*, 434 F.3d at

8   1187.  The Court **FINDS** Plaintiff's purported constitutional claims are wholly insubstantial, and

9   thus, the Court is without subject matter jurisdiction over the instant claims.

10  **III.     12(b)(2), (4) and (5) Motion to Dismiss for Failure to Comply with Service of Process**

11   Defendants argue that Plaintiff's Complaint should also be dismissed pursuant to Federal

12  Rule of Civil Procedure (12)(b)(2), (4), and (5) because Plaintiff failed to complete service of

13  process as required under Federal Rule of Civil Procedure 4(I) and 4(m).  (*See* Mot. to Dismiss

14  at 2.)  However, because the Court dismisses the Complaint on res judicata grounds, it need not

15  address whether Plaintiff properly served Defendants.

16  **IV.     Rule 56 Motion for Summary Judgment**

17   Defendants argue in the alternative that this Court should grant summary judgment

18  against Plaintiff.  Federal Rule of Civil Procedure 12(b)(6) states that if, on a motion to dismiss

19  for failure to state a claim upon which relief can be granted, matters outside the pleadings are

20  presented and not excluded by the court, the motion shall be treated as one for summary

21  judgment and disposed of as provided in Federal Rule of Civil Procedure 56.  Fed. R. Civ. P.

22  12(b)(6).  However, on a motion to dismiss a court may properly look beyond the complaint to

23  matters of public record and doing so does not convert a rule 12(b)(6) motion to one for

24  summary judgement.  *Gemtel Corp. v. Cmty. Redev. Agency of City of Los Angeles*, 23 F.3d

25  1542, 1544 (9th Cir. 1994) (citing *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th

26  Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S.

27  104, 111 (1991)); *see also Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979).

28  Accordingly, this Court **FINDS** that dismissing the Complaint pursuant to Federal Rule of Civil

1   Procedure 12(b)(6) is proper rather than granting summary judgment under Federal Rule of Civil

2   Procedure 56.

3   **V.      Motion for Sanctions**

4          Defendants seek an order from this Court enjoining Plaintiff from filing future complaints

5   based on the same transactional nucleus of facts, those surrounding the partial denial of workers'

6   compensation benefits and Plaintiff's 1984 injury.  (*See* Mot. to Dismiss at 17.)  At the present

7   time, an injunction of this nature is not appropriate.  However, the Court has reviewed the record

8   and **STRONGLY CAUTIONS** Plaintiff to avoid filing anything which is frivolous or is

9   intended to harass others in violation of Federal Rule of Civil Procedure 11.  Sanctions for

10  violating Rule 11 include the imposition of fines or dismissal of the case with prejudice.

11

12                                          *Conclusion*

13         For the foregoing reasons, the Court (1) **GRANTS** Defendants' 12(b)(6) Motion to

14  Dismiss with Prejudice, and (2) **DENIES** Defendants' Motion for Sanctions.

15         **IT IS SO ORDERED.**

16

17  DATED:  January 22, 2007

18  _____
    HON. NAPOLEON A. JONES, JR.

19  United States District Judge

20  cc:  Magistrate Judge Major
         All Counsel of Record

21

22

23

24

25

26

27

28

12                                                                          05CV0481